UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.G., <br>    Plaintiff, <br>  v. <br> ANDREW M. SAUL, <br>    Defendant. | Case No. 18-cv-07172-NC <br><br> **ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS** <br><br> Re: Dkt. No. 19 |

Plaintiff M.G. appeals from Social Security Commissioner Andrew M. Saul's[1] denial of her application under Title XVI of the Social Security Act, 42 U.S.C. §§ 1391 *et seq*. *See* Dkt. No. 19. Because the ALJ erred by discounting the opinions of Plaintiff's treating physicians and Plaintiff submitted additional relevant evidence that should have been considered, the Court reverses the Commissioner's decision and REMANDS this case for further proceedings.

**I.  Background**

On December 2, 2015, Plaintiff applied for disability insurance benefits alleging disability beginning July 2, 2012. *See* Dkt. No. 10 ("AR") at 36, 380. She claimed that

---

[1] On June 4, 2019, the United States Senate confirmed Andrew M. Saul as the Commissioner of Social Security. *See* P.N. 94, 116th Congress (2019). Accordingly, the Court substitutes Saul for the Defendant and directs the Clerk of the Court to update the case caption. *See* Fed. R. Civ. P. 25(d).

she could not work because of sacral radiculopathy, degenerative disc disease, sciatica, perineural cyst, and bilateral sacroiliac joint fusion. *See id.* at 395.

On October 5, 2017, an ALJ held a hearing (*see id.* at 53–83) and issued her decision on February 1, 2018 (*see id.* at 36–48). The ALJ found that Plaintiff had not engaged in substantial gainful activity since July 2, 2012, and suffered severe impairments. *Id.* at 38. Those impairments, however, did not meet the severity of any impairments listed in Social Security regulations. *Id.* at 39. The ALJ further found that Plaintiff had the residual functional capacity to performed limited, light work. *Id.* at 39–40. And, taking Plaintiff's vocational background into account, the ALJ found that she could perform past relevant work as a psychiatrist or work in other occupations, such as a case manager. *Id.* at 46–47. The ALJ thus concluded that Plaintiff was not disabled. *Id.* at 47.

After the ALJ issued her decision, Plaintiff appealed to the Appeals Council (*see id.* at 1–4) and submitted additional evidence in support (*see id.* at 15–27, 84–273). The Appeals Council found that Plaintiff's newly-filed evidence did not show a reasonable probability that it would change the outcome of her application and denied her request. *Id.* at 1–2. Plaintiff now seeks judicial review of the Commissioner's final decision. *See* Dkt. Nos, 1, 19.

## II. Discussion

Plaintiff argues that the Commissioner's decision should be reversed because (1) the Appeals Council failed to consider additional evidence; and (2) the ALJ erred by giving her treating physicians' opinions little weight. *See* Dkt. No. 19-1 at 3.

In her appeal to the Appeals Council, Plaintiff submitted medical records and reports from her medical providers. *See* AR at 84–273. Those records ranged in date from January 2014 to April 28, 2018. *Id.* Defendants argue that the Appeals Council properly declined to consider that evidence because it was duplicative, and Plaintiff failed to show good cause for her late disclosure. *See* Dkt. No. 24 at 3–6.

The Court disagrees. Although some of the medical records could have been produced earlier, Plaintiff was represented at her hearing by a different attorney who, as

2

noted by the ALJ, had a "recurring pattern" of failing to timely submit relevant records. *See* AR at 55, 452. After the ALJ's decision, Plaintiff obtained new counsel who explained that the previous attorney failed to submit medical records for the period between December 2016 and October 2017. *Id.* at 452. Plaintiff's counsel submitted those records in support of her appeal to the Appeals Council. *Id.* at 84–273, 452.

Although it is unclear whether attorney neglect qualifies as "good cause" (*see Burton v. Heckler*, 724 F.2d 1415, 1417–18 (9th Cir. 1984) ("The good cause requirement often is liberally applied, where . . . there is no indication that a remand for consideration of new evidence will result in prejudice to the Secretary."); *but see Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001) ("To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier.")), the Appeals Council did not cite lack of good cause as the reason for declining to consider the evidence. *See* AR at 2. Instead, it stated that the evidence "[did] not show a reasonable probability that it would change the outcome of the decision." *Id.* But the ALJ specifically noted that no medical records after December 2016 were submitted for her review. *See id.* at 42. The ALJ also found that Plaintiff's condition had improved by the end of 2016. *See, e.g.*, *id.* at 44. Plaintiff's late-submitted medical records show, however, that she continued to receive significant treatment for her pain throughout 2017 and 2018. Moreover, one month before her hearing, Plaintiff underwent significant surgery to remove her spinal stimulator due to an infection. *See id.* at 63. She testified that the stimulator had been "very helpful" and "better than any medicine" for managing her pain. *Id.* at 65, 66. The records before the ALJ, however, contained no information regarding Plaintiff's condition after that surgery.

Next, the ALJ erred in giving little weight to the opinions of Dr. Hsieh. An ALJ must provide "clear and convincing reasons that are supported by substantial evidence" to reject uncontradicted opinions of a treating or examining doctor. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)). Contradicted opinions of a treating or examining doctor may be rejected by "specific and legitimate reasons that are supported by substantial evidence."

3

*Id.* Here, the ALJ failed to consider Plaintiff's medical records in context and instead isolated evidence of improvement. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence."). For example, the ALJ noted that Plaintiff's back pain appeared to improve after receiving injections. *See* AR at 44. But the improvements appear short-lived (*see, e.g. id.* at 135, 1344–53) and are often accompanied by reports of other instances of pain or other symptoms like fecal incontinence (*see, e.g.*, *id.* at 1321). Moreover, the late-submitted evidence further shows that Plaintiff's pain continues to be an issue. *See id.* at 154.

On the other hand, the ALJ did not err in giving little weight to Dr. Chen's opinion. Although the ALJ's reasoning was brief, Dr. Chen's opinion was written in 2013 and did not consider much of the medical record available to the ALJ.

### III. Conclusion

The Court REMANDS this case for further proceedings. On remand, the ALJ must consider the evidence submitted to the Appeals Council (*see id.* at 84–273) and reweigh opinion evidence accordingly.

**IT IS SO ORDERED.**

Dated: December 12, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

4